IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA for
the use of MRT SERVICES, LLC,
a New Mexico Limited Liability Company,

      Plaintiff,

v.              No.

GRANCOR ENTERPRISES, INC.,
a New Mexico Corporation,
WESTERN SURETY COMPANY,
a South Dakota Corporation, and
MAYAN CONSTRUCTION INC.,
a New Mexico Corporation.

      Defendants.

## COMPLAINT UNDER MILLER ACT

COMES NOW Use Plaintiff United States of America for the Use of MRT Services, LLC ("MRT"), by and through counsel, Leah M. Stevens-Block (Jackson, Loman, Stanford, Downey & Stevens-Block, P.C.), for its Complaint for violation of the Miller Act, and states as follows:

### JURISDICTION

1. MRT is a Limited Liability Company organized and existing under the laws of the State of New Mexico having its principal place of business in Albuquerque, New Mexico.

2. Upon information and belief, Grancor Enterprises, Inc. ("Grancore") is a corporation organized under the laws of the State of New Mexico and having its principal place of business in Albuquerque, New Mexico.

3. Upon information and belief, Western Surety Company ("Western") is a South Dakota Corporation authorized to act as a surety or guarantor of bonds in New Mexico.

4. Jurisdiction is conferred upon this Court by the Miller Act, 40 U.S.C.A. §§ 3131 *et seq*.

5. Venue for this action properly rests in the District of New Mexico, under the Miller Act, 40 U.S.C.A. § 3131 through 1334, providing venue in the United States District Court for the District in which the contract was performed.

## FACTUAL AVERMENTS

6. Grancor entered into a Contract # 36C78619C0140 with Delta T. Jr., LLC for construction services related to the Santa Fe National Cemetery Project Number 2019-048-036 ("the Project").

7. MRT entered into a Subcontract Number 19-1058-09 ("Subcontract 1") with the Grancor for construction services related to the Project.

8. MRT entered into a separate subcontract with Grancor ("Subcontract 2") for payment of construction services rendered and not paid for by a separate subcontractor of Grancor, Mayan Construction, Inc., in exchange for MRT's continued performance on the Project.

9. Grancor has failed to pay MRT in full for the work provided by MRT pursuant to Subcontract 1 and Subcontract 2.

10. The total unpaid amount owed by Grancor for work performed by MRT on the Project is $219,309.79.

11. On or around August 9, 2022, MRT informed the surety of Grancor's failure to pay MRT, gave notice to the surety of MRT's claim under the bond and demanded payment for amounts owed to MRT for work performed. MRT has also demanded payment from Grancor for such amounts.

12. Although demand for payment has been made upon Grancor and the surety, MRT has not been paid the balance due and owing to it for the work it performed on the Project. Grancor, and the surety have also failed to pay MRT's claim.

13. The last date on which labor was performed or materials supplied by MRT under Subcontract 1 and Subcontract 2 was July 15, 2022.

14. This suit has been commenced within one (1) year from the date upon which the last of the labor was performed or materials supplied by MRT.

15. The construction by MRT and Grancor was performed in Santa Fe, New Mexico, and all labor and materials supplied by MRT were within the District of New Mexico.

16. MRT is a claimant under and is entitled to the protection of the bond required under 40 U.S.C.A. § 3131 *et seq*.

## COUNT ONE
## MILLER ACT

17. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 17 of the Complaint.

18. The failure of Grancor and the surety to pay MRT's claim on the bond constitutes a violation of the Miller Act, 40 U.S.C.A. § 3131 *et seq*.

19. As a direct and proximate result of Grancor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT TWO
## ON PAYMENT BOND

20. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 20 of the Complaint.

21. The payment bond issued by the surety is a valid and enforceable contract.

22. MRT is an intended third-party beneficiary of the payment bond.

23. MRT is entitled to payment of its claim against the payment bond pursuant to the terms of the bond.

24. Grancor and the surety's refusal to pay MRT claim under the bond constitutes a breach of the terms of the bond.

25. As a direct and proximate result of Grancor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT THREE
## BREACH OF CONTRACT

26. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 26 of the Complaint.

27. Subcontract 1 and Subcontract 2 constitute valid and enforceable contracts.

28. MRT is entitled to payment of all amounts due under Subcontract 1 and Subcontract 2.

29. Grancor's refusal to pay MRT certain amounts due under Subcontract 1 and Subcontract 2 constitute a substantial breach of Subcontract 1 and Subcontract 2.

30. As a direct and proximate result of Grancor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT V:
## UNJUST ENRICHMENT

31. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 31 of the Complaint.

32. Grancor has benefited from the scope of work performed by MRT.

33. Despite demand, Grancor has refused and failed to pay for the scope of work performed by MRT.

34. As a result, Grancor has been unjustly enriched in an amount to be determined at trial, plus interest and attorneys' fees pursuant to the Lien.

WHEREFORE, MRT Services, LLC. respectfully requests judgment against Grancor Enterprises, Inc., and Western Surety Company, jointly and severally, in an amount to be proved at trial, but currently estimated at **$219,309.79**, plus prompt payment penalties, interest, costs and attorney fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LOMAN STANFORD DOWNEY
& STEVENS-BLOCK, P.C.

*/s/ Leah M. Stevens-Block*
Leah M. Stevens-Block
201 3rd Street NW, Suite 1500
Albuquerque, NM 87102
(505) 767-0577
leah@jacksonlomanlaw.com
Counsel for MRT Services, LLC