IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA for
the use of MRT SERVICES, LLC,
a New Mexico Limited Liability Company,**

**Plaintiff,**

v.                                                                    Case No. 1:23-cv-00240-WJ-KK

**GRANCOR ENTERPRISES, INC.,**
a New Mexico Corporation,
**WESTERN SURETY COMPANY,**
a South Dakota Corporation, and
**MAYAN CONSTRUCTION INC.,**
a New Mexico Corporation.

**Defendants.**

## AMENDED COMPLAINT UNDER MILLER ACT

**COMES NOW** Plaintiff United States of America for the Use of MRT Services, LLC ("MRT"), by and through its counsel of record, Jackson Loman Stanford Downey & Stevens-Block, P.C. (Leah M. Stevens-Block), and in support of its Amended Complaint for violation of the Miller Act, states the following:

## JURISDICTION

1.      MRT is a Limited Liability Company organized and existing under the laws of the State of New Mexico having its principal place of business in Albuquerque, New Mexico.

2.      Upon information and belief, GranCor Enterprises, Inc. ("GranCor") is a corporation organized under the laws of the State of New Mexico and having its principal place of business in Albuquerque, New Mexico.

3. Upon information and belief, Mayan Construction, Inc. is a corporation organized under the laws of the State of New Mexico and having its principal place of business in Albuquerque, New Mexico.

4. Upon information and belief, Western Surety Company ("Western") is a South Dakota Corporation authorized to act as a surety or guarantor of bonds in New Mexico.

5. Jurisdiction is conferred upon this Court by the Miller Act, 40 U.S.C.A. §§ 3131 *et seq*.

6. Venue for this action properly rests in the District of New Mexico, under the Miller Act, 40 U.S.C.A. § 3131 through 1334, providing venue in the United States District Court for the District in which the contract was performed.

## FACTUAL AVERMENTS

7. GranCor entered into a Contract # 36C78619C0140 with Delta T. Jr., LLC for construction services related to the Santa Fe National Cemetery Project Number 2019-048-036 ("the Project").

8. Upon information and belief, GranCor subcontracted a portion of its work on the Project to Mayan Construction, Inc.

9. MRT entered into a Purchase Order Agreement (the "Purchase Order Agreement") with Mayan Construction Inc. for construction services related to the Project.

10. MRT entered into a Subcontract Number 19-1058-09 ("Subcontract 1") with GranCor for construction services related to the Project.

11. Mayan Construction Inc. materially defaulted on its obligations pursuant to the Purchase Order Agreement by failing to pay MRT for construction services rendered.

12. As a result of Mayan Construction Inc.'s default, MRT entered into a separate subcontract with GranCor ("Subcontract 2") for payment of construction services rendered pursuant to the Purchase Order Agreement with Mayan Construction Inc. in exchange for MRT's continued performance on the Project.

13. GranCor has failed to pay MRT in full for the work provided by MRT pursuant to Subcontract 1 and Subcontract 2.

14. The total unpaid amount owed by GranCor for work performed by MRT on the Project is $219,309.79.

15. On or around August 9, 2022, MRT informed the surety of GranCor's failure to pay MRT, gave notice to the surety of MRT's claim under the bond and demanded payment for amounts owed to MRT for work performed. MRT has also demanded payment from GranCor for such amounts.

16. Although demand for payment has been made upon GranCor and the surety, MRT has not been paid the balance due and owing to it for the work it performed on the Project. GranCor, and the surety have also failed to pay MRT's claim.

17. The last date on which labor was performed or materials supplied by MRT under Subcontract 1 and Subcontract 2 was July 15, 2022.

18. This suit has been commenced within one (1) year from the date upon which the last of the labor was performed or materials supplied by MRT.

19. The construction by MRT and GranCor was performed in Santa Fe, New Mexico, and all labor and materials supplied by MRT were within the District of New Mexico.

20. MRT is a claimant under and is entitled to the protection of the bond required under 40 U.S.C.A. § 3131 *et seq*.

## COUNT I
## MILLER ACT (GranCor)

21. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 20 of the Complaint.

22. The failure of GranCor and the surety to pay MRT's claim on the bond constitutes a violation of the Miller Act, 40 U.S.C.A. § 3131 *et seq*.

23. As a direct and proximate result of GranCor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT II
## ON PAYMENT BOND (GranCor & Western Surety)

24. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 23 of the Amended Complaint.

25. The payment bond issued by the surety is a valid and enforceable contract.

26. MRT is an intended third-party beneficiary of the payment bond.

27. MRT is entitled to payment of its claim against the payment bond pursuant to the terms of the bond.

28. GranCor and the surety's refusal to pay MRT claim under the bond constitutes a breach of the terms of the bond.

29. As a direct and proximate result of GranCor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT III
## BREACH OF CONTRACT (GranCor)

30. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 29 of the Amended Complaint.

31. Subcontract 1 and Subcontract 2 constitute valid and enforceable contracts.

32. MRT is entitled to payment of all amounts due under Subcontract 1 and Subcontract 2.

33. GranCor's refusal to pay MRT certain amounts due under Subcontract 1 and Subcontract 2 constitute a substantial breach of Subcontract 1 and Subcontract 2.

34. As a direct and proximate result of GranCor's material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT IV
## BREACH OF CONTRACT (Mayan Construction Inc.)

35. MRT realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 34 of the Amended Complaint.

36. The Purchase Order Agreement constitutes valid and enforceable contract.

37. MRT is entitled to payment of all amounts due under the Purchase Order Agreement.

38. Mayan Construction Inc.'s refusal to pay MRT certain amounts due under the Purchase Order Agreement constitutes a substantial breach of the Purchase Order Agreement.

39. As a direct and proximate result of Mayan Construction Inc.'s material breach of Subcontract 1 and Subcontract 2, MRT has been damaged in an amount to be proved at trial, but currently estimated at $219,309.79, plus prompt payment penalties, interest, costs and attorney fees.

## COUNT V
## UNJUST ENRICHMENT (GranCor)

40. MRT alleges and incorporates herein the allegations set forth above in Paragraphs 1 through 39 of the Amended Complaint.

41. GranCor has benefited from the scope of work performed by MRT.

42. Despite demand, GranCor has refused and failed to pay for the scope of work performed by MRT.

43. As a result, GranCor has been unjustly enriched in an amount to be determined at trial, plus interest and attorneys' fees pursuant to the Lien.

**WHEREFORE**, Plaintiff MRT Services, LLC respectfully requests judgment against Defendants, jointly and severally, in an amount to be proved at trial, but currently estimated at **$219,309.79**, plus prompt payment penalties, interest, costs and attorney fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**JACKSON LOMAN STANFORD
DOWNEY& STEVENS-BLOCK, P.C.**

 */s/ Leah M. Stevens-Block*
Leah M. Stevens-Block
201 3rd Street NW, Suite 1500
Albuquerque, NM 87102
(505) 767-0577
leah@jacksonlomanlaw.com
*Counsel for Plaintiff*